Catherine M. Maraist, U.S. Attorney's Office Middle District of Louisiana, Baton Rouge, LA, for Plaintiff–Appellee.

Richard Mark Upton, Law Office of Richard M. Upton, Baton Rouge, LA, for Defendant–Appellant.

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM: *

Derrick A. Wilson appeals his guilty-plea conviction for being a felon in possession of a firearm, arguing that the district court should have suppressed the weapon because his *Terry*[1] stop was not justified by reasonable suspicion. We review the district court's factual findings for clear error,[2] and the legality of Wilson's investigative stop de novo.[3]

Police officers may detain individuals briefly on the street, absent probable cause for arrest, "as long as they have a reasonable suspicion that criminal activity is afoot."[4] Reasonable suspicion must be based on "specific and articulable facts," and the facts must "be judged against an objective standard."[5] Based on the totality of the circumstances,[6] we hold that the officers' suspicion that criminal activity was afoot was reasonable. The officers, who were hired to secure a private parking lot located in a high-crime area, observed Wilson walking in between the parked cars at night concealing something beneath his shirt. Upon noticing the police, Wilson nervously attempted to evade them. These facts objectively gave the officers reasonable suspicion sufficient to effectuate a constitutional stop.[7]

AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee**

v.

**Jose Leandro PORTILLO–ORELLANA, also known as Jose Orellana–Portilla, Defendant–Appellant.**

**No. 07–41118**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 18, 2009.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, DAVIS, and CLEMENT, Circuit Judges.

PER CURIAM: *

Jose Leandro Portillo–Orellana (Portillo) appeals the sentence imposed following his guilty plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326. Portillo was sentenced within his advisory sentencing guidelines range to a 52–month term of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment. We review a district court's sentencing decision for reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 128 S.Ct. 586, 596–97, 169 L.Ed.2d 445 (2007).

On appeal, Portillo argues that the district court failed to provide adequate reasons both for its imposition of a within-guidelines sentence and its denial of his nonfrivolous arguments for a below-guidelines sentence. Because Portillo failed to raise these challenges in the district court, review is for plain error. *See United States v. Mondragon–Santiago*, 564 F.3d 357, 361 (5th Cir.2009), *petition for cert. filed* (June 24, 2009) (No. 08–11099). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Portillo is correct that the district court erred when it did not adequately explain its reasons for the sentence imposed. *See id.* at 361–65. However, Portillo has not shown that, without the error, his sentence would have been different. Thus, he has failed to show that the district court's error affected his substantial rights. *See id.* at 364–65.

Portillo also argues that his within-guidelines sentence should not be accorded a presumption of reasonableness because U.S.S.G. § 2L1.2, the Guideline used to calculate his advisory sentencing guidelines range, was not promulgated according to usual Sentencing Commission procedures and did not take into account empirical data and national experience. This argument was rejected in *Mondragon–Santiago. See id.* at 366–67.

Portillo further argues that the Supreme Court's decisions in *Gall* and *Kimbrough v. United States*, 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), which were issued after his sentencing, broadened the district court's discretion to impose a non-guidelines sentence. As in *Mondragon–Santiago*, nothing in the record suggests that the district court was constrained by this court's precedent from considering all of Portillo's arguments for a non-guidelines sentence or that the district court believed that it could not deviate from the advisory guidelines range in the absence of extraordinary circumstances. *See id.* at 365–66. Portillo has not shown that the district court misconstrued its authority to depart down from or to vary from the advisory sentencing guidelines range based on this court's pre-*Gall* precedent. Accordingly, as to this issue, no error has been shown, plain or otherwise.

The judgment of the district court is AFFIRMED.